IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Julio A. Hunsberger, #959417, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 8:18-cv-1813-TMC |
| v. | ) |
| | ) **ORDER** |
| Randy Bobby Duran, Marvin English, Roger Lowe, Rick Hubbard, Alton Eargle, Ervin Maye, Frank Young, Donald Myers, Alan Wilson, John McIntosh, Donald Zelenka, and Melody Jane Brown, | ) |
| Defendants. | ) |

Plaintiff Julio A. Hunsberger, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, seeking an award of money damages against each Defendant for the denial of his Sixth Amendment right to a speedy trial. (ECF No. 1 at 5, 10). Defendants Rick Hubbard, Alton Eargle, Ervin Maye, Frank Young, Donald Myers, Alan Wilson, John McIntosh, Donald Zelenka and Melody Jane Brown (the "Prosecutor Defendants") filed a motion for judgment on the pleadings (ECF No. 24), and Defendants Randy Bobby Duran, Marvin English and Roger Lowe (the "Sheriff's Department Defendants") filed a motion for summary judgment (ECF No. 54). Plaintiff filed a response opposing both motions. (ECF Nos. 57, 68). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a Report and Recommendation ("Report") recommending that both motions be granted. (ECF No. 70 at 13). Plaintiff timely filed objections to the Report. (ECF No. 72).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In

the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Where there is no "timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

I. Background

Plaintiff is currently incarcerated in Smith State Prison in Glennville, Georgia. (ECF No. 1 at 1). In 2002, Plaintiff was arrested for the murder of Samuel Sturrup in South Carolina. *Id.* at 5. He was also charged in connection with the kidnapping, which occurred in Georgia, leading up to the murder. (ECF No. 24-1 at 1-2). In February 2005, Plaintiff was released to Georgia to be tried first on the kidnapping charges, for which he was convicted and sentenced to life imprisonment. *Id*. at 2.

In September 2011, Plaintiff was returned to South Carolina to stand trial on the murder charge. *Id*. at 3. The case was ultimately tried in January 2012, when Plaintiff was convicted for murdering Sturrup. (ECF No. 1 at 5). Between Plaintiff's arrest for murder in 2002 and his trial in 2012, Plaintiff's counsel filed two speedy trial motions, both of which were denied by the trial court. *Id*.

Plaintiff appealed his conviction to the South Carolina Court of Appeals, arguing in part that his constitutional right to a speedy trial was abridged by the ten-year delay between his arrest

and his trial. *State v. Hunsberger*, No. 2012-206608, 2014 WL 5772563, at *3 (S.C. Ct. App. Nov. 5, 2014). The Court of Appeals rejected Plaintiff's speedy trial argument and affirmed his conviction. *Id*. at *5. The South Carolina Supreme Court, however, granted certiorari on the speedy trial issue and reversed Plaintiff's conviction in a 3-2 decision. *State v. Hunsberger*, 794 S.E.2d 368, 377 (S.C. 2016). Subsequently, the State unsuccessfully sought certiorari review in the United States Supreme Court. *South Carolina v. Hunsberger*, 137 S. Ct. 2295 (2017).

On July 2, 2018, Plaintiff filed this action pursuant to § 1983 alleging that Defendants violated his Sixth Amendment right to a speedy trial and seeking money damages. (ECF No. 1 at 5-6, 10). As to the Sheriff's Department Defendants, Plaintiff alleges that they investigated him for Sturrup's murder and then testified for the State at trial and, therefore, "contributed to the prosecution and subsequent conviction of Plaintiff for crimes he did not commit." *Id*. at 2, 5. As to the Prosecutor Defendants, Plaintiff alleges that each of them "contributed to the prosecution and subsequent conviction of Plaintiff for crimes he did not commit" or "contributed to the prolongment of the Plaintiff's imprisonment for a void conviction." *Id*. at 2-4. Specifically, Plaintiff identifies the constitutionally offensive conduct to be as follows: that Defendants Hubbard, Maye, and Young, in their capacity as assistant solicitors, opposed Plaintiff's speedy trial motions prior to trial, *id*. 5-6; and that Defendant Wilson, in his capacity as South Carolina Attorney General; Defendant Myers, in his capacity as Solicitor; and Defendants McIntosh, Zelenka, and Brown, in their capacities as assistant attorneys general, opposed Plaintiff's speedy trial argument during appeal in state court and sought certiorari review in the United States Supreme Court. *Id.* at 6.

The Prosecutor Defendants filed a motion for judgment on the pleadings (ECF No. 24), arguing that the are entitled to absolute, prosecutorial immunity as all the allegations against them

stem from actions within the scope of their official duties (ECF No. 24-1 at 6-11), that they are entitled to immunity under the Eleventh Amendment to the extent they are being sued in their official capacities, *id*. at 11, that they are not "persons" subject to suit under § 1983, *id*. at 11-12, and that, alternatively, they are entitled to qualified immunity in this case, *id*. at 12-16.  Plaintiff filed a response in opposition to the motion for judgment on the pleadings (ECF No. 57), and the Prosecutor Defendants filed a reply (ECF No. 65).

The Sheriff's Department Defendants filed a motion for summary judgment (ECF No. 54), arguing that Plaintiff's claims against them are barred by the statute of limitations (ECF No. 54-1 at 3), and that, to the extent Plaintiff's claims are asserted against them in their individual capacities, they are not proper parties under S.C. Code Ann. § 15-78-70, *id*. at 3-4.  Plaintiff filed a response in opposition to the motion for summary judgment. (ECF No. 68).

On February 22, 2019, the magistrate judge issued the Report recommending that both the motion for judgment on the pleadings and the summary judgment motion be granted. (ECF No. 70 at 13).  The magistrate judge concluded that all Defendants are entitled to immunity under the Eleventh Amendment "as to any claims for money damages asserted against them in their official capacities."  *Id*. at 11.  The magistrate judge further concluded that the Prosecutor Defendants are entitled to absolute immunity because "all of the conduct on which Plaintiff bases his claims . . . were actions these Defendants took in prosecuting a criminal case against Plaintiff."  *Id*. at 12.  Additionally, the magistrate judge concluded that Plaintiff failed to state a Sixth Amendment claim against the Sheriff's Department Defendants because "Plaintiff neither alleges nor points to any evidence indicating that the Sheriff's Department Defendants played any role in denying him a speedy trial."  *Id.* at 13.

Finally, the magistrate judge concluded that neither of the dispositive motions was premature on the basis that the parties had not conducted discovery. *Id.* at 10 n.6. The magistrate judge determined that none of the issues for which Plaintiff sought discovery—whether the actions of the Sheriff's Department Defendants directly contributed to the prosecution and conviction of Plaintiff for crimes he did not commit; whether the actions of all Defendants directly contributed to the "*prolongment* of Plaintiff's conviction for a void conviction"; and whether the statute of limitations for Plaintiff's claims began running upon the denial of certiorari by the United States Supreme Court—are material to Defendants' entitlement to judgment. *Id*. (emphasis added).

Plaintiff filed objections to the Report (ECF No. 72). The Prosecutor Defendants submitted a reply to Plaintiff's objections. (ECF No. 74).

## II. Legal Standards

The court decides a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure using "the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010). Pursuant to Rule 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. *Killian v. City of Abbeville*, C/A No. 8:14-1078-TMC, 2015 WL 1011339, at *2 (D.S.C. Mar. 6, 2015). Thus, a Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact. *See Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

III. Discussion

First, Plaintiff objects to the magistrate judge's conclusion that Defendants' dispositive motions are not premature and that additional time for discovery on the issues identified by Plaintiff will not produce any evidence material to the recommended bases for granting the motions. (ECF No. 72 at 1-2). Plaintiff's objection merely restates his request for discovery on these issues, but it fails to explain why the requested discovery would produce evidence material to the Defendants' Eleventh Amendment immunity, to the Prosecutor Defendant's entitlement to absolute immunity, or to establishing that the Sheriff's Department Defendants played a role in deciding when to bring the case to trial. Accordingly, the court concludes that this objection is without merit.

Second, Plaintiff objects to the magistrate judge's determination that the Prosecutor Defendants are entitled to absolute immunity, arguing that they acted "outside of the scope of their official duties" in a manner "wholly unrelated to the judicial process" but failing to specifically

6

identify such acts or conduct. (ECF No. 72 at 2). In reply, the Prosecutor Defendants contend that Plaintiff is merely attempting to create a question of fact by making conclusory statements and that there is nothing in the record suggesting the Prosecutor Defendants acted outside the scope of their official duties or acted maliciously or in bad faith. (ECF No. 74 at 1-2).

"It is well settled that prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are absolutely immune from civil suit." *Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[I]nitiating a prosecution" and "presenting the State's case" in court are two quintessential prosecutorial activities. *Imbler*, 424 U.S. at 431. Absolute immunity attaches for activities occurring during or in connection with judicial proceedings such as criminal trials and appeals, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller–Burnside*, 208 F.3d 467 (4th Cir. 2000).

Plaintiff's allegations against the Prosecutor Defendants stem entirely from their roles as state prosecutors and state attorneys presenting the state's case during judicial proceedings. Plaintiff cannot avoid dismissal simply by asserting the conclusion that the defendants acted outside the scope of their official duties. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[a] pleading that offers labels and conclusions or . . . tenders naked assertion[s] devoid of further factual enhancement" cannot survive dismissal) (alteration in original) (internal quotation marks omitted). The court is mindful of the South Carolina Supreme Court's conclusion that "on this record it appears the State's delay was not merely negligent but intentional." *Hunsberger*, 794 S.E.2d at 376. "[I]mproper motive or state of mind," however, "is irrelevant to the absolute immunity entitlement." *Keeper v. Davis*, Civ. Action No. 5:08CV143, 2009 WL 2450439, at *6 (N.D.W. Va. Aug. 7, 2009). Accordingly, the court finds this objection to be without merit.

Finally, Plaintiff objects to the magistrate judge's conclusion that there is nothing to indicate that the Sheriff's Department Defendants played any role in the denial of Plaintiff's right to a speedy trial, arguing that, "in offering . . . false and fabricated testimony against Plaintiff at trial, [the Sheriff's Department Defendants] were acting completely outside of their official duties" and the "judicial process." (ECF No. 72 at 2). This objection has no merit. Plaintiff's sole claim for relief in this action is that the defendants deprived him of his right to a speedy trial under the Sixth Amendment. (ECF No. 1 at 5). The trial testimony of the Sheriff's Department Defendants has no bearing on this claim.

After a thorough review of the Report and the record in this case pursuant to the legal standards set forth above, the court adopts the Report (ECF No. 70) and incorporates it herein. Having further concluded, as explained above, that Plaintiff's objections to the Report are without merit, the court **GRANTS** the Prosecutor Defendants' motion for judgment on the pleadings (ECF No. 24) and **GRANTS** the Sheriff's Department Defendants' motion for summary judgment (ECF No. 54).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

July 23, 2019
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.